IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMIGUELA PACI, individually and on behalf of similarly situated persons,<br><br>     Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>     Defendant. | Case No. 16-cv-94 |

## COMPLAINT - CLASS ACTION

### INTRODUCTION

1. Plaintiff Emiguela Paci ("Paci") individually and on behalf of similarly situated persons brings this complaint against Costco Wholesale Corporation ("Costco") for willfully violating the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681c(g)(1), in that Costco printed the first six digits of her American Express credit card account number, in addition to the last four digits on an electronically printed receipt she was provided with by Costco inside a Costco store.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper because the Costco store in which Plaintiff was provided at least one electronically printed receipt that contained the first six digits of her American Express credit card account number is located within this District.

### THE PARTIES

4. Plaintiff is a natural person residing in the District.

5. Costco is a publically traded corporation on the NASDAQ with the symbol COST. Costco is a multi-billion dollar global retailer with global sales in recent fiscal years exceeding $64 billion dollars. It is incorporated under the laws of the State of Washington.

## FACTS

6. 15 U.S.C. § 1681c(g)(1), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

7. Compliance with 15 U.S.C. § 1681c(g)(1) was to be completed no later than December 4, 2006.

8. Costco knows the truncation requirements of 15 U.S.C. § 1681c(g)(1) given that it has been previously sued in 2007 for allegedly willfully violating 15 U.S.C. § 1681c(g)(1). *Serna v. Costco Wholesale Corp.*, CV07-1491 AHM (JWJx), (C.D. Cal.).

9. At all times relevant to this Complaint, Costco did not take appropriate steps to ensure compliance with 15 U.S.C. § 1681c(g)(1)'s truncation requirements regarding the subject form electronically printed receipts that are provided to its customers.

10. Costco accepts American Express payment cards for in store purchases.

11. American Express issues at least one a year updated rules and regulations to which Costco is to review. These rules and regulations placed Costco on actual notice that its conduct here was prohibited, and American Express would have notified Costco directly that such conduct it has now engaged in here would be a violation of 15 U.S.C. § 1681c(g)(1)'s truncation requirements.

12. The card issuing organizations such as American Express proceeded to require

compliance with the truncation requirements of FACTA, by contract directly with Costco.

13. On information and belief, Costco would have received such contractual information from American Express at least once a year since the FACTA amendments to the FCRA became effective.

14. On information and belief, Costco in obtaining the right to accept credit and debit card contractually agreed to abide by the Payment Card Industry Security Standards and the card issuing regulations, which would include the duty to review periodically their receipts for compliance including whether any of their point of sale terminals were printing too much card information.

15. Truncation standards permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc. In isolation, the publication of only the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

16. Most of Costco's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with 15 U.S.C. § 1681c(g)(1) by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same and could have ensured that no violation would have occurred by conducting an audit or by properly training its store managers and employees.

17. 15 U.S.C. § 1681c(g)(1)'s payment card account number truncation requirements are ubiquitous in the world of retailing.

18. Within the United States, Costco uses one or more cash registers and/or other machines or devices that electronically print receipts for all credit card, debit card transactions, and have the ability to print receipts in the form of Exhibit A.

19. Each of Costco's point of sale terminals was programmed to print information that Costco has required to be printed of its receipts.

20. Costco has a policy of requiring its customers who make an in-store purchase to provide one or more of its employees, who stand by the exit, their receipt for inspection to ensure that the customer is leaving Costco with only the goods they purchased.

21. On January 3, 2016, Plaintiff used her American Express card to make a purchase at one of Costco's stores located in the District.

22. After Plaintiff completed her transaction she realized that she did not purchase the chocolate she wanted to buy and subsequently entered into an additional transaction with Costco using her American Express card.

23. By the time Plaintiff reached the Costco exit she was unable to locate one of the receipts for her two purchases.

24. In accordance with Costco's policy she was directed to a supervisor for the supervisor to print out for her a replacement receipt so that her purchases could be verified, thus enabling her to be able to leave the Costco store with her purchases.

25. Costco provided Plaintiff an electronically printed receipt that reflected her transactions and purchases with Costco that displayed the first six digits of her American Express payment card's account number, in addition to the last four digits of that account number. A redacted copy of the receipt is attached hereto as Exhibit A. An unredacted copy of Exhibit A will be served upon Defendant with this Complaint.

26. Plaintiff then upon presenting the Costco employee the original of Exhibit A was permitted to leave the Costco store with her purchases.

27. The printing of more than the last four digits of an account number on a receipt does not happen by accident, it requires the point of sale terminal to be intentionally programmed to do so.

28. Printing more than the last four digits of a payment card along with the member number of the cardholder gives Costco a better ability to distinguish its customers' purchases and returns.

## COUNT I
## WILLFUL VIOLATION OF FCRA § 1681c(g)(1)

29. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 – 27 above as if fully set forth herein.

30. Costco is a "person that accepts credit cards or debit cards for the transaction of business" as that phase is used in 15 U.S.C. § 1681c(g)(1).

31. Plaintiff is a "cardholder" as that term is used in 15 U.S.C. § 1681c(g)(1).

32. The original of Exhibit A is "any receipt" as that term is used in 15 U.S.C. § 1681c(g)(1).

33. Costco provided the original of Exhibit A at "the point of sale or transaction" as that phrased is used in 15 U.S.C. § 1681c(g)(1).

34. Costco in regard to Plaintiff and each putative class member did not comply with 15 U.S.C. §1681c(g)(1), which provides that:

> … no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

35. 15 U.S.C. § 1681c(g)(1) cannot be reasonably read to permit the printing on an electronically printed receipt the first six digits of the card number in addition to the last four digits.

36. "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" *Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Mexican Specialty Food, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009).

37. Costco's conduct exposed Plaintiff and the members of the class to an increased risk that their payment card could be compromised.

38. Plaintiff loss time in reviewing her receipt to determine whether Costco was in compliance with 15 U.S.C. § 1681c(g)(1).

39. One of the intended benefits of 15 U.S.C. § 1681c(g)(1) was to eliminate the need for a person to review their receipt to make sure that too much financial information was not on the receipt before disposing of it.

40. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as carders and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, Identity Theft Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way, <u>Wall Street Journal</u>, Oct. 5, 2006, p. B1.

41. Costco received notice of 15 U.S.C. § 1681c(g)(1)'s requirements.

42. Costco was contractually bound not to print anymore than the last five digits of payment cards account numbers on any electronically printed receipts provided to the cardholder at the point of sale.

43. Costco knew the truncation requirement of requirements of 15 U.S.C. § 1681c(g)(1) regarding credit card account numbers prior to April 28, 2015.

44. Costco, having been previously sued for allegedly willfully violating 15 U.S.C. § 1681c(g)(1) and to subsequently engage in future violations equates to a willful violation. *Redman v. RadioShack Corp.,* 768 F.3d 622 (7th Cir. 2014) *cert. denied. Nicaj v. Shoe Carnival, Inc.,* 135 S. Ct. 1429 (2015).

45. Costco either knowingly violated 15 U.S.C. § 1681c(g)(1) or alternatively, failed to take necessary steps of a known danger to prevent 15 U.S.C. § 1681c(g)(1) from being violated, which is reckless conduct.

46. On information and belief, Costco violated 15 U.S.C. § 1681c(g)(1) multiple times a day in providing its customers receipts in the form of Exhibit A.

WHEREFORE, Plaintiff request this Honorable Court to enter judgment in favor of Plaintiff and the class for:

a. Damages available under 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages available under 15 U.S.C. § 1681n(a)(2) if the evidence warrants;

c. Attorney's fees and costs available under 15 U.S.C. § 1681n(a)(3); and

d. Any other relief deemed appropriate by the Court.

Respectfully submitted,

/s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

### NOTICE OF ASSIGNMENT OF ATTORNEY'S FEE'S AND LIEN

PLEASE TAKE NOTICE that Plaintiff has irrevocably assigned her rights to any attorney's fees in this matter to her counsel, to which her counsel takes a lien upon.

Respectfully submitted,

/s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

# EXHIBIT A

```
Store: 383        Journal Report Detail Results      01/03/2016 18:10 Page: 1

Transaction Log: EAMTRANA

Search Selections:
        Start Date (MMDDYY):   010101
        Start Time (HHMM):     0000
        End Date   (MMDDYY):   123135
        End Time   (HHMM):     2359


Terminal: 14    Transaction: 275    Operator: 31    01/03/16 17:59

-----------  Cash Receipt -----------   ---------  Summary Journal  ---------
**************************************       *VOID TRANSACTION*
======= Welcome to SUREPOS ACE =======   01/03/16 17:59 383 14 275 31

Member ID: ████████████

        *VOID TRANSACTION*
01/03/16 17:59 383 14 275 31


Terminal: 14    Transaction: 276    Operator: 31    01/03/16 18:00

-----------  Cash Receipt -----------   ---------  Summary Journal  ---------
**************************************     ** NO-SALE OPEN CASH DRAWER **
======= Welcome to SUREPOS ACE =======   01/03/16 18:00
                                            TAX                      2.98
Member ID: 111831882312                  **** TOTAL                  61.67
                                            American Express        61.67
E       ORGANICEGG              6.49 C      ACCOUNT NUMBER
E       WHOLE MILK              1.85 C                    ████████████
E       TKY BACON               9.99 C   01/03/16 18:00 383 14 276 31
E       H N CHEERIOS            7.99 C
E       SABRA HUMMUS            5.99 C
E       BAGELS                  4.99 C
        CHIVAS                 20.89 A
        COUNTY LIQUOR TAX       0.50

        TAX                     2.98
   **** TOTAL                  61.67
        American Express       61.67
        ACCOUNT NUMBER
                  ████████████
01/03/16 18:00 383 14 276 31


Terminal: 51    Transaction: 101    Operator: 816    01/03/16 18:03

-----------  Cash Receipt -----------   ---------  Summary Journal  ---------
**************************************       *VOID TRANSACTION*
======= Welcome to SUREPOS ACE =======   01/03/16 18:03 383 51 101 816

Member ID: 111831882312

        *VOID TRANSACTION*
```

```
Store: 383        Journal Report Detail Results          01/03/2016 18:10 Page: 2
01/03/16 18:03 383 51 101 816


Terminal: 51    Transaction: 102    Operator: 816    01/03/16 18:03
----------- Cash Receipt -----------         --------- Summary Journal ---------
************************************              TAX                      0.29
======= Welcome to SUREPOS ACE =======        **** TOTAL                   13.28
Member ID:                                         American Express        13.28
                                                   ACCOUNT NUMBER
E       FERRERO ROCH            12.99 C
                                             01/03/16 18:03 383 51 102 816
         TAX                     0.29
    **** TOTAL                  13.28
         American Express       13.28
         ACCOUNT NUMBER

01/03/16 18:03 383 51 102 816
```