# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EMIGUELA PACI, individually and on behalf of similarly situated persons,<br><br>      Plaintiff,<br><br>      v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>      Defendants. | Case No. 16-cv-0094<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Plaintiff Emiguela Paci has sued Costco Wholesale Corporation for willfully violating the Fair and Accurate Credit Transactions Act ("FACTA"). Paci and Costco have both moved for summary judgment. Because Paci lacks Article III standing, however, the Court may not reach the parties' summary judgment arguments, and the case is dismissed for lack of jurisdiction.

### Factual Background & Procedural History[1]

On January 3, 2016, Emiguela Paci was shopping at a Costco store in Niles, Illinois. DSOF ¶ 2. She purchased groceries at 6:00 p.m. and received a receipt that fully complied with FACTA. DSOF ¶¶ 3-4. On her way out of the store, she realized that she had forgotten to buy chocolates; she purchased the chocolates in a second transaction at 6:03 p.m. and received a second receipt, which also complied

---

[1] Case facts are largely taken from the parties' Local Rule 56.1 statements and accompanying exhibits. "DSOF" refers to Defendant's statement of undisputed facts [59], with Plaintiffs' responses and statement of additional facts [98] cited as "R. DSOF." "PSOF" refers to Plaintiff's Local Rule 56.1 Statement of Facts [89], with Defendant's responses [108] cited as "R. PSOF."

with FACTA. DSOF ¶¶ 5-7. When she attempted to exit the store, Paci was unable to provide a receipt for the first transaction and advised the Costco employee that she had lost the receipt. DSOF ¶ 8. Paci then went to a customer service area to obtain a duplicate receipt. DSOF ¶ 9. At the customer service area, which is separate and apart from the cash registers where Paci made her purchases, a supervisor printed out a document characterized by Paci as a "duplicate receipt" and characterized by Costco as a "two-page journal report reflecting transaction logs generated at the point of sale terminal where Plaintiff had made her purchases." DSOF ¶¶ 9-10. In either case, it is undisputed that this document displayed the first six digits and the last four digits of Plaintiff's Macy's American Express Card, which she had used to purchase her groceries and chocolate that evening. DSOF ¶ 12. While she was still in the store, Paci noticed that the document displayed ten digits of her card; she secured the document on her person and exited the store. DSOF ¶¶ 16-17. Paci retains that receipt today and keeps it stored in a filing cabinet in her home. DSOF ¶¶ 18-19.

On January 5, 2016, Paci sued Costco, alleging willful violation of the Fair Credit Reporting Act and FACTA, 15 U.S.C. § 1681c(g)(1). Costco moved to dismiss, arguing that because Paci received the offending receipt from a supervisor and not from the cash register where she checked out, her allegations failed to state a FACTA claim. The Court rejected that argument, finding that the fact that the receipt was printed from a different terminal ten minutes after the actual purchase was not enough to set the claim outside the scope of FACTA. Costco also argued

that Paci's complaint failed to allege a willful violation; the Court rejected this argument as well, noting that Paci had alleged that Costco knew of FACTA's truncation requirements, but opted not to bring its credit card receipt printing processes into compliance with those requirements.

With discovery closed, the parties have now filed cross motions for summary judgment. Paci argues that she is entitled to summary judgment because Costco knowingly violated FACTA. Costco argues that it is entitled to summary judgment because it did not violate FACTA. Costco also argues that, even if it did violate FACTA, Paci suffered no harm as a result of that violation, and she, therefore, lacks Article III standing to sue.

<u>Discussion</u>

Because "[s]tanding is a threshold question in every federal case," *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (quoting *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988)), the Court begins its analysis with Costco's standing argument. "[I]f the litigants do not have standing to raise their claims," the Court "is without authority to consider the merits of the action." *Meyers,* 843 F.3d at 726.

Article III of the Constitution limits "federal judicial power to certain 'cases' and 'controversies.'" *Silha v. ACT, Inc.*, 807 F.3d 169, 172-73 (7th Cir. 2015) (quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 559-60 (1992)). To establish Article III standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

3

hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Silha*, 807 F.3d at 173 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan*, 504 U.S. at 560-61). The party invoking federal jurisdiction (Paci) bears the burden of establishing the elements of Article III standing. *Lujan*, 504 U.S. at 561.

Paci has asserted a claim for violation of FACTA, which Congress enacted in 2003 "in response to the burgeoning problem of identity theft." *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 819-20 (7th Cir. 2016), *cert. denied sub nom. Meyer v. Onieda Tribe of Indians of WI*, No. 16-745, 2017 WL 1040885 (Mar. 20, 2017). FACTA includes "a provision to reduce the amount of potentially misappropriateable information produced in credit and debit card receipts." *Id.* It prohibits merchants from printing certain credit and debit card information on receipts provided to customers, as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1). Costco's standing argument posits that it is not enough to prove a technical FACTA violation; rather, to have standing, a plaintiff must also have suffered some independent harm caused by the violation. Costco argues that Paci has suffered no such harm.

4

*Meyers v. Nicolet Restaurant of De Pere, LLC*, a recent case also involving an alleged violation of FACTA, is both instructive and dispositive. In that case, the plaintiff was given a copy of his receipt after dining at the defendant restaurant; the receipt did not truncate the expiration date, as required by FACTA. 843 F.3d at 725. The plaintiff sued, purportedly on behalf of everyone who had been provided a non-compliant receipt at the restaurant. *Id.* Citing *Spokeo, Inc. v. Robins*, – U.S. –, 136 S.Ct. 1540, 1549 (2016), the Seventh Circuit first noted that for standing to exist, "a concrete injury is required even in the context of a statutory violation." *Meyers*, 843 F.3d at 727. The court then held that the plaintiff lacked Article III standing because he suffered no harm as a result of the statutory violation. In so finding, the court emphasized that "Meyers discovered the violation immediately and nobody else ever saw the non-compliant receipt," making it "hard to imagine how the expiration date's presence could have increased the risk that Meyers' identify would be compromised." *Id.* The court concluded: "This case asks whether the violation of a statute, completely divorced from any potential real-world harm, is sufficient to satisfy Article III's injury-in-fact requirement. We hold that it is not." *Id.* at 729.

Given the similarities between *Meyers* and the present case, there is no question that Paci has failed to make the requisite showing to establish standing. Assuming for present purposes that Costco violated FACTA, Paci has not shown that such violation caused her any harm. It is undisputed that Plaintiff is aware of no facts suggesting that her identity has been stolen or compromised as a result of

5

the conduct alleged in this case. DSOF ¶ 21. Paci claims that "there is harm in what Costco did," PSOF ¶ 20, and that she suffered the harm of having to save a receipt she would otherwise have thrown away. R. DSOF ¶ 22; PSOF ¶ 19. The only evidence in the record concerning harm (or even increased risk of any harm) is Paci's deposition testimony: Paci testified that she was harmed because "she had to take proper steps to ensure that the receipt that did have the violation with the credit card numbers on there was properly stored" – meaning, it "was not misplaced and I made sure to keep it in a safe place." Deposition of Emiguela Paci taken September 1, 2016, pp. 56-57. When asked to clarify, Paci testified that she keeps "her regular receipts in a box. This one I did not put in there since it had more information than the others." *Id.*, p. 57. She testified that, beyond having to put this receipt in a filing cabinet, she suffered no other harm. *Id.*, p. 58.

For present purposes, the Court need not attempt to delineate the precise scope of what constitutes "real-world harm" under *Meyers* to establish standing for the statutory violation alleged here. It is enough to note that, on these specific facts, merely having to put a receipt in a file cabinet rather than a box does not constitute actual harm for standing purposes; nor does having to save a receipt that would ordinarily have been thrown out. Like Meyers, Paci immediately discovered that her receipt displayed more than it should have and she retained the receipt at all times. Like Meyers, Paci has failed to show that she suffered any harm, or any actual increased risk of injury, because the receipt in this case violated FACTA's truncation requirement. Indeed, in light of *Meyers*, this is not a close case. Paci has

6

failed to articulate any harm caused by the printing of the extra digits on her receipt. She did not testify that the change in her receipt-handling routine cost her anything in terms of time, expense or emotional distress; there is no evidence that her identity was ever at risk of being stolen and nothing to show that she ever even fretted about her identity being stolen as a result of the alleged FACTA violation. Because Paci has failed to offer any evidence to support a finding of actual harm, the Court finds that she lacks standing to sue.

## Conclusion

For the reasons explained above, the Court finds that Paci lacks Article III standing to pursue this case. As a result, the case is dismissed for lack of jurisdiction. All pending motions are terminated and all set dates are vacated.

Dated: March 30, 2017

ENTERED:

John Robert Blakey
United States District Judge